UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Norman Sivazlian,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mercantile Adjustment Bureau, LLC; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Civil Action No.: 4:14-cv-40008<br><br>**CLASS ACTION COMPLAINT** |

　　　　For this Class Action Complaint, Plaintiff, Norman Sivazlian, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

　　　　1.　　Plaintiff, Norman Sivazlian ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Mercantile Adjustment Bureau, LLC ("Mercantile" or "Defendant").  Defendant negligently placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

　　　　2.　　Unwanted calls from Mercantile is not a problem isolated to Plaintiff as seen from the numerous complaints on internet message boards:

> "They called. I answered. And a recording said to call this number. I did. It put me on hold for twenty minutes. Then the hold music stopped but no one was on the phone with me."

> "[I] have gotten a call from this number . . . 5:15 every morning for the last 2 weeks.  [I]t is clearly an automated system as the voice messages, when there are any, start with "between 8 & 5 pm eastern" at which point it ends."

> "They keep calling for some guy that doesn't even live in our home!  I opted to be taken off the list but they call anyway."

> "They keep calling, havent been able to call them back and when I do pick up its a

recording."

http://whocallsme.com/Phone-Number.aspx/8772540957. In this action, Plaintiff seeks to represent those persons received such calls in violation of the TCPA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Plaintiff resides within this District and a substantial portion of the events or omissions giving rise to the case occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Worcester, Massachusetts.

6. Mercantile is, and at all times mentioned herein was, a New York business entity headquartered in Williamsville, New York.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

7. The TCPA regulates, among other things, the use of automated telephone dialing systems.

8. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

9. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person

being called, unless the call is for emergency purposes.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

10. Defendant has been placing multiple automated calls to Plaintiff's cellular telephone, number XXX-XXX-0913.

11. One such call occurred on April 3, 2013 from telephone number 800-466-5259.

12. When Plaintiff answered the calls from Defendant, he heard a prerecorded message stating that the call was for an "Elvin Louise" and that Plaintiff should hang up if he was not that person.

13. Plaintiff is not, nor does he know, the person Defendant was attempting to reach.

14. Plaintiff has never provided his cellular number to Defendant or consented to be contacted by Defendant on his cellular telephone.

15. Plaintiff has instructed the Defendant to cease the calls to his phone because the calls use up his limited number of cellular minutes.

16. Nonetheless, Defendant continued to place automated calls to Plaintiff's cellular telephone.

17. Upon information and belief, Defendant employs an ATDS which meets the definition set forth in 47 U.S.C. § 227(a)(1).

18. Upon information and belief, each of the aforementioned calls was placed using an ATDS and/or used an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A).

19. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

20. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

## **CLASS ACTION ALLEGATIONS**

### A. **The Class**

21. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

22. Plaintiff's proposed Class is as follows, subject to amendment as appropriate:

**Class Definition. All persons within the United States who, at any time during the last four years, received one or more non-emergency telephone calls from Mercantile to a cellular telephone through the use of an ATDS and/or an artificial or prerecorded voice.**

23. Excluded from the Class are all officers, directors, and employees of Defendant, together with those individuals' immediate family members, and their respective legal representatives, heirs, successors and assigns, the officers, directors and employees of any parent, subsidiary or affiliate of Defendant, together with those individuals' immediate family members, counsel for Defendant and Class counsel and their immediate family members, in addition to those whose claims are barred by the statute of limitations.

### B. **Numerosity**

24. Upon information and belief, Defendant has placed calls using an ATDS and/or using an artificial or prerecorded voice to cellular telephone numbers belonging to thousands of consumers throughout the United States, without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**C. Common Questions of Law and Fact**

26. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS and/or an artificial or prerecorded voice;

   b. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

   c. Whether Defendant's conduct was negligent;

   d. Whether Defendant is liable for damages, and the amount of such damages; and

   e. Whether Defendant should be enjoined from such conduct in the future.

27. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places calls using an ATDS and/or using an artificial or prerecorded voice to telephone numbers assigned to cellular telephone services without prior express consent and not for emergency purposes is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

28. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. Protecting the Interests of the Class Members**

29. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business

practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

30. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

31. Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions. These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

## COUNT I
### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

32. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

33. Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

34. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

35. As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

36.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. An award of attorney's fees and costs to counsel for Plaintiff and the Class; and

4. Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 16, 2014

                              Respectfully submitted,

                              By     /s/ Sergei Lemberg
                              Sergei Lemberg
                              Lemberg Law, LLC
                              1100 Summer Street, 3rd Floor
                              Stamford, CT 06905
                              Telephone: (203) 653-2250
                              Facsimile:  (203) 653-3424
                              ATTORNEYS FOR PLAINTIFF